IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUU VAN TRUONG,<br><br>        Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR. et al.,<br><br>        Respondents. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-cv-797 CW<br><br>Judge Clark Waddoups |

On August 13, 2010, Petitioner Buu Van Truong filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. At that time, Petitioner was being held at the Weber County Correctional facility in Ogden, Utah, under custody of the U.S. Immigration and Customs Enforcement ("ICE"). On September 16, 2010, ICE released Petitioner from custody, but the release was conditional due to removal proceedings against Petitioner.[1] Because Petitioner has been released, Respondents[2] have moved to dismiss the petition as moot. Petitioner opposes the motion and has moved to compel ICE to affirm it will not detain Petitioner again unless he violates a condition of his release.

A hearing on both motions was held on April 15, 2011 before the Honorable Clark Waddoups. Durwood Heinrich Riedal ("Riedal") appeared on behalf of Respondents and Aaron Tarin appeared on behalf of Petitioner. Riedal represented at the hearing that ICE's authority to detain Petitioner again is limited to the following two circumstances: (1) Petitioner violates a condition of his release or (2) there is a change in circumstances such that a significant likelihood

---

[1] Release Notification (Dkt. No. 11, Ex. A).

[2] Respondents are Eric H. Holder, Jr., Janet Napolitano, Brad Slater, and Steve Branch.

exists that Petitioner "may be removed in the reasonably foreseeable future."[3] Riedal represented that the "changed circumstances" provision refers to Petitioner obtaining travel documents and not to a change in ICE policy or other similar matter.

Based on Riedal's representation that ICE will not take Petitioner back into custody unless at least one of the two specified conditions exists, the court hereby GRANTS Respondents Motion to Dismiss[4] and DENIES AS MOOT Petitioner's Motion to Compel.[5] Because Riedal's representations were specific to Truong and his unique circumstances, the court's ruling is expressly limited to Truong and shall not be applied to a person other than Truong.

DATED this 18th day of April, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[3] 8 C.F.R. § 241.13(i)(2).

[4] Docket No. 10.

[5] Docket No. 13.