IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUU VAN TRUONG,<br><br>                  Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR. et al.,<br><br>                  Respondents. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:10-cv-797 CW<br><br>Judge Clark Waddoups |

      Petitioner Buu Van Truong has brought a motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 27.) In the alternative, Petitioner seeks appointment of his counsel nunc pro tunc under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. For the reasons stated below, this court DENIES in part and GRANTS in part Petitioner's motion. Specifically, the court DENIES the motion to award attorney fees pursuant to the EAJA and GRANTS the motion to appoint counsel nunc pro tunc under the CJA.

BACKGROUND

      This case was initiated when Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 13, 2010. At that time, Petitioner was being held at the Weber County Correctional facility in Ogden, Utah, under custody of the U.S. Immigration and Customs Enforcement ("ICE"). Following the filing of the petition, ICE granted Petitioner a conditional release on September 16, 2010. Respondents then moved to dismiss the petition as

moot. On October 27, 2010, Petitioner moved to compel the Respondents to submit a sworn statement from an appropriate government official clarifying the circumstances required for ICE to detain Petitioner in the future. The Respondents opposed the motion.

At a hearing held on April 15, 2011, counsel for Respondents represented to the court that Petitioner could only be re-detained by ICE under two circumstances: (1) if Petitioner violates a condition of his release or (2) if there is a change in circumstances such that a significant likelihood exists that Petitioner "may be removed in the foreseeable future." Based on the representation of Respondents' counsel, the court dismissed the petition for a writ of habeas corpus. The court denied Petitioner's motion to compel as being moot.

After the time for an appeal of the court's dismissal order had expired, Petitioner made the motion which is now before the court.

ANALYSIS

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires courts to award attorney fees to a plaintiff bringing any civil action (other than cases sounding in tort) against the United States if (1) plaintiff is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

The central dispute with regard to an award of attorney fees is whether Petitioner is a "prevailing party" for purposes of the EAJA. Under the EAJA, a "prevailing party" is a party who is benefitted by a court order that causes a "material alteration of the legal relationship of the parties." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Services*,

532 U.S. 598, 604 (2001) (citation omitted).  Such an order must cause a plaintiff to "receive at least some relief on the merits of his claim before he can be said to prevail." *Id*. at 603 (citation omitted).  Settlement agreements enforced through a consent decree may serve as the basis for an award of attorney fees under the EAJA if they cause a "change in the legal relationship between the plaintiff and the defendant." *Id*. at 604 (citation omitted).

The Tenth Circuit has made clear that a conditional mootness order is not sufficient to make a plaintiff a "prevailing party." *See Biodiversity Conservation Alliance v. Stem*, 519 F.3d 1226, 1229-30 (10th Cir. 2008). *See also Al-Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) ("'[P]revailing party' is a legal term of art that does not include a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct.") (citation and quotation marks omitted).  In *Biodiversity*, the Tenth Circuit considered whether an order dismissing a suit against the United States Forest Service on mootness grounds was sufficient to support an award of attorney fees under the EAJA. *Biodiversity*, 519 F.3d at 1227.  The plaintiff had brought suit against the Forest Service seeking to stop a planned timber sale. *Id*.  When the timber sale project was abandoned as a result of an unexpected forest fire that burned a significant portion of the timber to be sold, the district court issued a conditional mootness order dismissing the suit conditioned on "the government's representation that the [project] ha[d] been permanently withdrawn and [would] never be revived." *Id*. at 1228.  The district court awarded the plaintiff attorney fees, finding it to be the "prevailing party" in the matter for purposes of the EAJA. *Id*.

The Tenth Circuit reversed the district court's award of attorney fees, holding that the

plaintiff could not be a "prevailing party" as a result of a conditional mootness order. *Id*. at 1230-31. The Court held that in order to be a prevailing party for purposes of the EAJA, a plaintiff must "receive some form of judicial imprimatur." *Id*. at 1230 (citation omitted). In other words, in order for a party to prevail, a court order must "lend judicial teeth to the merits of the case" such that a party can "obtain a court order to enforce the merits of some portion of the claim it made in its suit." *Id*. Because a conditional mootness order could at most give plaintiffs "hope for another chance to present their case on the merits," it did not have the judicial imprimatur that was required in order to make the plaintiff a "prevailing party" for purposes of the EAJA. *Id*.

In this case, the Respondents moved to dismiss the petition as being moot. The court granted that motion. The court also denied Petitioner's motion to compel as moot, relying upon the representations made by the Respondents. Like the conditional mootness order in the *Biodiversity* case, the dismissal order in this case does not purport to resolve Petitioner's claim on the merits. Instead, the case was dismissed because Petitioner was no longer in custody. The Petitioner's motion to compel was denied based on Respondents' representation that Petitioner would not be re-detained except under certain acceptable conditions. Should Petitioner be detained in the future, whether that detention is legally permissible must be judged on the facts precipitating that detention. In such a case, the representations made to the court will become an issue only should the government act contrary to those representations. The representations were not imposed as a condition of the court's order, but accepted as a statement of government practice and policy. Thus, as in the *Biodiversity* case, Petitioner does not have the judicial imprimatur that is required to make him a "prevailing party." For this reason, the court is not

permitted to award him attorney fees under the EAJA.

Petitioner has alternatively sought appointment of his counsel nunc pro tunc under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. The CJA allows courts to appoint counsel for indigent petitioners who seek relief by filing a petition for a writ of habeas corpus if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). The Respondents do not oppose the appointment of counsel nunc pro tunc under the CJA, but condition their position on the court concluding such an appointment is proper. (Dkt No. 33, 10-11). The courts, including this court, have previously found that appointment of a CJA attorney under similar circumstances is appropriate. *See, e.g., Insixiegnmy v. Kirkpatrick*, No. 2:99CV17 C, 2000 WL 33710837 (D. Utah Sept. 21, 2000) (unpublished). *Cf. United States v. Alexander*, 742 F. Supp. 54 (N.D.N.Y. 1990) (holding that there was no authority under the CJA for a court to grant a motion brought by an attorney, rather than by a defendant, for appointment of counsel nunc pro tunc). Ordinarily, appointment of counsel pursuant to the CJA is and should be made near the commencement of litigation; the act, however, permits courts to make appointments "retroactive to include any representation furnished pursuant to the plan prior to appointment." 18 U.S.C. § 3006A(b). Also, when a district judge in the District of Utah determines that appointment of an attorney who is not a member of the CJA panel is in the interest of justice, the attorney may be admitted to the CJA panel pro hac vice. *See* United States District Court for the District of Utah, Amended Criminal Justice Plan ¶ VI.H.4 (approved Nov. 14, 2011).

The court finds that the interests of justice are advanced in this case by appointing counsel for Petitioner nunc pro tunc under the CJA. This finding, however, is conditioned on Petitioner demonstrating that he was a financially eligible person under the act. Petitioner is an

alien subject to an order of removal issued by a federal immigration judge.  Following the order of removal, Petitioner was held in the custody of ICE for more than 15 months.  The Supreme Court has made clear that indefinite detention of aliens present in the United States, without due process of law, is unconstitutional.  *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  Any detention longer than six months is presumptively a violation.   Immigration law can often be complex, and issues of alien detention often require a level of experience in the law that cannot be reasonably expected of an alien appearing before the court pro se.   The unique circumstance of this case, the representations of ICE that Petitioner would soon be removed from the country, and the difficulty in arranging travel plans all contributed to the complexity.  Nevertheless, ICE failed to release Petitioner long after its own policies should have required it to do so.  For this reason, the interests of justice are served in this unique case by the appointment of counsel to represent Petitioner who was detained well beyond the six-month presumption of reasonableness established by the Supreme Court.  *See Zadvydas*, 533 U.S. at 701. Such an appointment must be rare and supported by the unusual circumstances evident in this case.

      Except in "extremely difficult case[s] where the court finds it in the interest of justice to appoint [more than one] attorney," the CJA only provides for the appointment of one attorney per eligible party.  *United States v. Romero-Gallardo*, 245 F.3d 1159, 1160 (10th Cir. 2001).  In this case, Petitioner was represented by and compensation is being sought for the legal work of three attorneys.  Petitioner has not shown that his habeas petition presents "extremely difficult" issues that justify the appointment of three separate attorneys under the CJA.  However, because of the difficulty of determining which of Petitioner's three attorneys was most essential to his representation, the court will appoint each of them nunc pro tunc.  Nevertheless, in evaluating

whether the compensation being requested is reasonable, the court will proceed under the assumption that only one attorney was entitled to be appointed under the CJA.

Petitioner has also sought a special factor increase above the statutory maximum compensation for attorneys appointed under the CJA. The maximum rate for legal work performed under the CJA is $125 per hour, and the maximum total compensation for attorneys appointed pursuant to the CJA is $7,000 for non-capital habeas cases. *See* 18 U.S.C. § 3006A(d)(2). If a case requires complex or extended representation, these statutory maximums may be waived upon a determination that excess payment is necessary to provide fair compensation and approval by the chief judge of the circuit. *See* 18 U.S.C. § 3006A(d)(3).

Petitioner's case was neither "complex" or "extended," and therefore, his appointed counsel is not entitled to fees above the statutory maximum. The term "extended," for purposes of the CJA, refers simply to the amount of time it took to litigate the case. *See United States v. Bailey*, 581 F.2d 984, 988 (D.C. Cir. 1978) ("'Extended' representation is of a piece with 'protracted' representation under the old standard, each connoting a temporal element a substantial investment of time."); *United States v. Diaz*, 802 F. Supp. 304, 308 (C.D. Cal. 1992); *United States v. Cook*, 628 F. Supp. 38, 41 (D. Colo. 1985) ("['Extended'] simply refers to a temporal gauge."). Petitioner filed his petition for a writ of habeas corpus on August 13, 2010. He was released from the custody of ICE on September 17, 2010. Even assuming preparation of the petition reasonably began a month before it was filed, the fees incurred during this period were $2,095. Counsel began working on the case in April 2010 and by the time Petitioner was released had incurred fees in excess of $8,900. The bulk of all fees requested were incurred in pursuing the motion to compel on which the Petitioner did not prevail.

After a single hearing to consider Petitioner's motion to compel Respondents to supplement the record and Respondents' motion to dismiss, the court issued an order dismissing the case and denying the motion to compel as moot on April 18, 2011.  This case was not protracted or extended, and its temporal length does not provide grounds for waiving the maximum fee allowed for appointed counsel under the CJA.

A case is "complex" for the purposes of waiving the maximum fees allowed under the CJA if "legal problems encountered in the case . . . are significantly greater than those encountered in the ideal of an average case." *Cook*, 628 F. Supp. at 41 (citing *Bailey*, 581 F.2d at 989) (quotation marks removed).  While the court recognizes the unique issues that arise when a habeas petition is filed on behalf of an alien subject to an order of removal, such petitions are not so rare as to make such cases per se "complex."  Petitioner has failed to show why his particular case raises legal problems that are significantly more difficult and taxing on his attorneys than would arise in an average habeas case.  For that reason, the court finds no justification for waiving the maximum fee allowed for appointed counsel under the CJA.  The award of fees will be limited to the $7,000 allowed by the CJA.

## CONCLUSION

For the reasons stated above, the court hereby DENIES in part and GRANTS in part Petitioner's motion for attorney fees under the Equal Access to Justice Act, or in the alternative, for appointment of counsel nunc pro tunc under the Criminal Justice Act.  (Dkt. No. 27.)  Specifically, the court DENIES Petitioner's motion with respect to an award of attorney fees pursuant to the Equal Access to Justice Act and GRANTS Petitioner's motion with respect to the appointment of counsel nunc pro tunc under the Criminal Justice Act.  The court hereby

-9-

ADMITS Aaron Tarin, Hakeem Ishola, and Kimberly Herrera pro hac vice to the Criminal Justice Act panel for the District of Utah and APPOINTS them counsel nunc pro tunc to represent Petitioner Buu Van Truong, conditional on submission of proof that Petitioner is a financially eligible person under the Criminal Justice Act. Such proof must be submitted to the court within fourteen (14) days of the date of this order.

    The court also denies Petitioner's request to waive the maximum rate and fee allowed for compensation of appointed counsel by the Criminal Justice Act. Petitioner's counsel will be compensated as if they were a single attorney appointed under the act, subject to the statutory limits on rates and fees imposed by the Criminal Justice Act.

    DATED this 12th day of March, 2012.

                                    BY THE COURT:

                                    Clark Waddoups
                                    United States District Judge